UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

SCOTT A. MERKELSON,

        Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Securities and Exchange Commission alleges as follows:

**I.  INTRODUCTION**

1. From no later than February 2014 until July 27, 2018, 1 Global Capital LLC ("1 Global" or "the Company") fraudulently raised more than $322 million from more than 3,600 investors nationwide in an unregistered securities offering. Defendant Scott A. Merkelson served as 1 Global's Director of Business Development from April 2017 through July 2018. During that time, Merkelson played a role in the fraud by, among other things, signing monthly investor account statements that he knew misrepresented the role of an accounting firm in auditing and verifying information in the statements, and manipulating 1 Global's contractually based management fee to artificially raise or lower investors' monthly rates of return.

2. 1 Global, a private, South Florida firm, used a network of sales agents to offer and sell unregistered securities to investors in no fewer than 42 states to fund its business of offering short-term financing to small and medium sized businesses. The Company, through its marketing materials distributed to sales agents and the sales agents themselves, promised investors a high-

return, low-risk investment in which 1 Global would use investor money to make short-term cash advances called Merchant Cash Advances ("MCAs") to businesses that could not obtain more traditional financing such as bank loans.

3. In reality, the Company used substantial investor funds for purposes other than the MCAs, including paying operating expenses and funding the luxury lifestyle of its founder, Chairman and CEO, Carl Ruderman. Merkelson helped perpetuate the fraud by signing the monthly account statements that inaccurately represented investors' rates of return. Merkelson knew the Company and sales agents used sample statements to solicit new investors.

4. Through his conduct, Merkelson violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5. The Commission seeks injunctive relief, a civil penalty, and an officer-and-director bar against Merkelson.

## II. DEFENDANT

5. Merkelson, 44, is a resident of Plantation, Florida, and was 1 Global's Director of Business Development from April 2017 through July 2018. During that time, Merkelson held Series 3, 7, 24, 55, 63, and 65 securities licenses.

## III. JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act, 15 U.S.C. §§77t(b), 77t(d), and 77v(a), and Sections 21(d), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§78u(d), 78u(e), and 78aa.

7. This Court has personal jurisdiction over Merkelson and venue is proper in the Southern District of Florida as Merkelson resides in the District. Moreover, Merkelson signed and

disseminated 1 Global's false and misleading monthly investor account statements from 1 Global's Hallandale Beach headquarters.

8. Merkelson, directly and indirectly, made use of the means and instrumentalities of interstate commerce, and the mails, in connection with the acts, practices, and courses of business set forth in this Complaint.

## IV. BACKGROUND

9. According to its sales materials and website, 1 Global provided small and medium-sized businesses an alternative to borrowing money from traditional financial institutions. The investment instruments investors signed provided that 1 Global would assign them a percentage of numerous MCAs, and that investors would earn money from sharing in the profits derived from those MCAs.

10. Although 1 Global purported to limit its offering to sophisticated or qualified investors, in reality the Company and its sales agents mass marketed the investment to the public through brochures, flyers, seminars, and meetings. 1 Global never checked to ensure that any of its investors were sophisticated.

11. 1 Global's marketing materials touted the investment as a safe and less risky alternative to traditional stock market investments, and routinely promised investors annual returns in the high single to low double digits.

12. The Company and Ruderman made numerous material misrepresentations and omissions to investors, including how 1 Global would use investor funds, the fees it would charge investors, sending investors monthly account statements that overstated the values of investors' accounts and their rates of returns, and the role of the outside accounting firm. In addition, Ruderman misappropriated at least $32 million to pay for his lavish personal expenses and to send

to unrelated businesses in which he or his relatives had a beneficial interest.

13. As a result of the Company and Ruderman's misuse and misappropriation of funds, 1 Global ran short of cash and filed for bankruptcy on July 27, 2018. The Company subsequently ceased operations.

## V.  MERKELSON'S MISREPRESENTATIONS TO INVESTORS

### A.  Manipulating the Value of Investor Accounts

14. 1 Global provided every investor with a monthly account statement that showed the MCAs in which it had placed the investor's funds, and the rate of return, among other things.

15. The rate of return purportedly was calculated based on the merchant's repayment of the cash advances minus a contractually agreed to management fee between 1 Global and the investor. Investors could plainly see on the monthly statements how much their investment had allegedly increased in value, which directly correlated to the rate of return the statements told each investor he or she was earning.

16. From August 2017 (soon after he started at 1 Global) to July 2018, Merkelson signed the account statements knowing the rate of return was frequently a result of him manipulating 1 Global's management fees up or down each month. This had the effect of "smoothing" 1 Global investors' monthly rates of return, i.e., making them appear as if they were more consistent and less volatile than they actually were. Thus, investor account statements showed a contrived rate of return based on Merkelson's manipulation of the management fees 1 Global applied.

### B.  False Claims About The Work Of An Accounting Firm

17. The monthly account statements also misrepresented the role of a South Florida-based accounting firm in 1 Global's finances. Each investor's monthly account statement falsely

claimed, "Our independent audit firm, **Daszkal Bolton L.L.P.**, has endorsed and agrees with the rate of return formula." [Emphasis in original]. However, Merkelson, in his position as 1 Global's Director of Business Development, knew Daszkal Bolton never endorsed or agreed with 1 Global's rate of return formula, and that Daszkal Bolton never audited 1 Global's financial statements.

18. While 1 Global did hire Daszkal Bolton, the firm's work was limited to drafting a set of agreed-upon procedures for evaluating investors' accounts. Therefore, every account statement 1 Global sent to investors bearing Merkelson's signature from August 2017 through July 2018 containing the representations about Daszkal Bolton was false, which Merkelson knew. Merkelson also knew 1 Global sometimes showed sample account statements to prospective investors in its solicitation efforts.

19. In addition to misrepresenting Daszkal Bolton's status on the monthly account statements, Merkelson caused versions of 1 Global's marketing materials to be emailed to 1 Global's sales agents for use with prospective investors falsely stating "External Independent CPA firm audits company financial statements annually." Again, Merkelson was well aware that 1 Global did not have audited financial statements when he had those marketing materials sent.

## VI.  CLAIMS FOR RELIEF

### COUNT I

### Violations Of Section 17(a)(1) Of The Securities Act

20. The Commission repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. From no later than August 2017 through July 2018, Merkelson, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, knowingly or severely recklessly employed

devices, schemes or artifices to defraud.

22.     By reason of the foregoing, Merkelson violated, and unless enjoined, is reasonably likely to continue to violate, Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

## COUNT II

### Violations Of Section 17(a)(2) Of The Securities Act

23.     The Commission repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

24.     From no later than August 2017 through July 2018, Merkelson, in the offer or sale of securities by any use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, negligently obtained money or property by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

25.     By reason of the foregoing, Merkelson violated, and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## COUNT III

### Violations Of Section 17(a)(3) Of The Securities Act

26.     The Commission repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

27.     From no later than August 2017 through July 2018, Merkelson, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, negligently engaged in transactions, practices, or courses of business which operated or would have operated as a fraud or deceit upon

the purchasers.

28.     By reason of the foregoing, Merkelson violated, and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3).

## COUNT IV

### Violations Of Section 10(b) And Rule 10b-5(a) Of The Exchange Act

29.     The Commission repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

30.     From no later than August 2017 through July 2018, Merkelson, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or severely recklessly employed devices, schemes, or artifices to defraud in connection with the purchase or sale of securities.

31.     By reason of the foregoing, Merkelson violated, and, unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a), 17 C.F.R. § 240.10b-5(a).

## COUNT V

### Violations Of Section 10(b) And Rule 10b-5(b) Of The Exchange Act

32.     The Commission repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

33      From no later than August 2017 through July 2018, Merkelson, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or severely recklessly made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

34. By reason of the foregoing, Merkelson violated, and, unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.SC. § 78j(b), and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b).

## COUNT VI

### Violations Of Section 10(b) And Rule 10b-5(c) Of The Exchange Act

35. The Commission repeats and realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

36. From no later than August 2017 through July 2018, Merkelson, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or severely recklessly engaged in acts, practices, and courses of business which have operated, or are now operating and will operate, as a fraud upon the purchasers of securities.

37. By reason of the foregoing, Merkelson violated, and, unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c).

## VII.  REMEDIES REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court find the Defendant committed the violations alleged, and:

### A.  Permanent Injunctive Relief

Issue a Permanent Injunction enjoining Merkelson from violating Section 17(a) of the Securities Act, and Section 10(b) and Rule 10b-5 of the Exchange Act.

### B.  Civil Penalties

Issue an Order directing Merkelson to pay a civil money penalty pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

### C. Officer and Director Bar

Issue an Order barring Merkelson from serving as an officer or director of any public company pursuant to Section 20(e) of the Securities Act and Section 21(d) of the Exchange Act and Section 305(b)(5) of the Sarbanes-Oxley Act.

Respectfully submitted,

April 11, 2022

**Robert K. Levenson**
Robert K. Levenson, Esq.
Senior Trial Counsel
Florida Bar No. 0089771
Direct Dial: (305) 982-6341
Email: levensonr@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131