# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-60702-WPD

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

SCOTT A. MERKELSON,

        Defendant.
_____/

## FINAL JUDGMENT ON CONSENT AS TO DEFENDANT SCOTT A. MERKELSON

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Final Judgment against Defendant Scott A. Merkelson ("Motion"). By the Consent of Defendant Scott A. Merkelson to Final Judgment ("Consent") attached hereto, without admitting or denying the allegations of the Complaint (except that Merkelson admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section VI below), Merkelson has waived service of the summons and the Complaint, entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

I.

### PERMANENT INJUNCTIVE RELIEF

**A. Section 17(a) of the Securities Act of 1933 ("Securities Act")**

**IT IS ORDERED AND ADJUDGED** that Merkelson is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)] in the offer or sale

of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(1) any investment strategy or investment in securities,

(2) the prospects for success of any product or company,

(3) the use of investor funds,

(4) compensation to any person, or

(5) whether any investment product is a security or required to be registered under the securities laws.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Merkelson's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Merkelson or with anyone described in (a).

**B.  Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED AND ADJUDGED** that Merkelson is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act

[15 U.S.C. §78j(b)]  and Rule 10b-5 promulgated thereunder (17C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

(1) any investment strategy or investment in securities,

(2) the prospects for success of any product or company,

(3) the use of investor funds,

(4) compensation to any person, or

(5) whether any investment product is a security or required to be registered under the securities laws.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Merkelson's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Merkelson or with anyone described in (a).

## II.

## CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Merkelson is liable to the Commission for a civil penalty of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Merkelson shall satisfy his civil penalty obligations by paying the total of $100,000 to the Securities and Exchange Commission within one year of entry of the Final Judgment according to the following payment schedule: (1) $50,000 within 30 days entry of this Final Judgment; (2) $25,000 within six months of entry of this Final Judgment; and (3) $25,000 within one year of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Merkelson shall contact the staff of the Commission for the amount due for the final payment.

If Merkelson fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court. The Commission may also then enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.

Merkelson may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://pay.gov/public/form/start/39621196. Merkelson may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; Scott A. Merkelson as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Merkelson shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131. By making any payment, Merkelson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect

of the civil penalty, Merkelson agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Merkelson's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Merkelson shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a Related Investor Action means a private damages action brought against Merkelson by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Merkelson is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### IV.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Merkelson shall

comply with all of the undertakings and agreements set forth therein.

V.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Merkelson in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances

VI.

**BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Merkelson, and further, any debt for civil penalty or other amounts due by Merkelson under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Merkelson of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**DONE AND ORDERED** this____ day of _____ 2022, at _____, Florida.

_____
**WILLIAM P. DIMITROULEAS**
**UNITED STATES DISTRICT JUDGE**